**Joseph GWATHNEY, Plaintiff–Appellant,**

v.

**NEW YORK CITY POLICE DEPART-MENT and Howard Redmond, De-fendants–Appellees.**

No. 01–0122.

United States Court of Appeals, Second Circuit.

May 7, 2004.

On submission (Joseph Gwathney, Hudson, NY, on the brief), for Appellant, pro se.

On submission (Michael A. Cardozo, Corporation Counsel for the City of New York and Edward F.X. Hart, City of New York Law Dep't, on the brief), for Appellee.

Present: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED**.

58

Joseph Gwathney appeals from a judgment entered by the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court "review[s] *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000). Dismissal is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In order to bring a § 1983 claim for malicious prosecution, the accused "must establish that the state prosecution terminated in his favor." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (citation and internal quotation marks omitted). Because Gwathney does not allege that his state court conviction has been rendered invalid, his claim for malicious prosecution must be dismissed.

A § 1983 claim for false arrest cannot be maintained if probable cause existed for the arrest. *Id.* "If, following the arrest, the plaintiff was convicted of the charges against him, that conviction normally 'would be conclusive evidence of probable cause' " so long as "the conviction 'survives appeal.' " *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) (citation omitted). Gwathney's state court conviction was affirmed by the Appellate Division and leave to appeal was denied by the New York Court of Appeals; his habeas petition challenging the conviction was denied by the United States District Court for the Eastern District of New York, and this Court denied his motion for a certificate of appealability. The survival of Gwathney's conviction is sufficient evidence of probable cause to arrest, and his claim for false arrest is therefore dismissed.

Gwathney's remaining motions are dismissed as moot.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**